FREDERICKA SCHASEL, as Administratrix of the Estate of WALTER A. SCHASEL, Deceased, Respondent, v. NEW YORK, CHICAGO & ST. LOUIS RAILROAD COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur. (Appeal from a judgment for plaintiff in a railroad negligence action. The order denied a motion for a new trial.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.

HERBERT TOMOSER, Respondent, v. DANIEL KAMPHAUSEN et al., Appellants, et al., Defendants.— Judgment insofar as appealed from modified on the law and facts by striking therefrom the award of $25,000 money damages and as modified, affirmed, with costs to the respondent. Certain findings of fact and conclusions of law disapproved and reversed and new findings made. Memorandum: We find no evidence in the record to support the award of money damages. All concur. (Appeal from part of a judgment for plaintiff in an action for fraud and misrepresentation and breach of contract.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See *post*, p. 1075.]

KATHERINE S. LEVY, Appellant, v. MAURICE B. LINDSAY, Respondent.— Judgment and order affirmed, with costs. All concur. (Appeal from a judgment for defendant for no cause of action in an automobile negligence action. The order denied a motion for a new trial.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

JEAN L. LEVY, Appellant, v. MAURICE B. LINDSAY, Respondent.— Judgment and order affirmed, with costs. All concur. (Appeal from a judgment for defendant for no cause of action in an automobile negligence action. The order denied a motion for a new trial.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

MARGARET STRUNK, Respondent, v. ROBERT E. HAYES, Appellant.— Order of the Onondaga County Court and judgment of the Syracuse Municipal Court modified in accordance with the memorandum and as modified affirmed, without costs of this appeal to either party. Memorandum: An examination of the record in *Weiderman* v. *Recklinghausen* (278 App. Div. 289, affd. 303 N. Y. 633), shows a far different factual situation than is shown by this record. In that case the original registration showed that the landlord had retained the exclusive use of one room, the tenant had the exclusive use of one room and three rooms were used jointly by the landlord and the tenant; when the premises were rented to Weiderman he had the exclusive use of all five rooms, the defendant landlord having moved to the second floor apartment. Here the only change was the installation of furniture, and furnishing of lighting and gas for cooking. " The addition of furniture to an unfurnished apartment does not create a new and different housing accommodation. Therefore, the landlord may not collect more than the established maximum rent for the housing accommodation unfurnished unless or until " a new order fixing additional rent is made by the rent administrator. (*Baum* v. *Crosfield*, 279 App. Div. 1088.) We think however that the recovery here should be limited to the actual overcharge plus attorney's fees, costs and disbursements and the judgment should be amended